**WILLIAMS, Plaintiff, v. JACKSON (City), Defendant.**

Common Pleas Court, Jackson County.

No. 16158.   Decided May 13, 1959.

## OPINION

By MITCHELL, J.

The plaintiff, Dwight Williams, has filed a petition in this Court alleging in substance that he is in retail business in the City of Jackson, Ohio, and that he sells beer, wine and other malt beverages, under and by authority of a permit from the State Liquor Department known as C-1 and C-2 state permit.

Plaintiff further alleges that on or about January 12, 1959, the City of Jackson passed Ordinance No. 2-59, and which ordinance provides in part that it shall be unlawful to sell 3.2% beer in the City of Jackson

between the hours of 2:30 A. M. and 12:00 midnight on any Sunday. The ordinance further provides that violation of the same constitutes a misdemeanor punishable by a fine. The plaintiff further alleges in his petition that the ordinance in question violates the Constitution of the State of Ohio, and is in conflict with several enumerated statutes and Regulation No. 49 of the State Liquor Board. The plaintiff prays that the City of Jackson be enjoined from enforcing said ordinance, and that the same be declared as null and void and unconstitutional.

To this pleading the defendant, the City of Jackson, filed an answer admitting the passage of the ordinance, admitting there was no provision for any return of the permit fee in the same, but denying that the ordinance in any way conflicts with the Ohio Constitution. The defendant further says in its answer that the City of Jackson, under the powers of self-government given to it by the Constitution of this State, may adopt and pass laws and regulations which are not in conflict with the general laws of Ohio.

To this pleading the plaintiff has demurred alleging that the answer of the defendant did not contain a defense to the petition. The question involved is entirely one of law and interpretation, and the parties have filed briefs in which all of the issues involved are discussed, and decision on the demurrer will be in effect dispositive of the case.

The broad issues for determination are:

1. What is the relation between the powers of the State and of a municipal corporation set forth in the Constitution, and as the same apply to the liquor laws of this State?

2. Is the ordinance of the City of Jackson in any way repugnant to the laws of this State, and therefore, void and of no effect?

The **Constitution of Ohio in Article II**, gives the State Legislature the legislative power of the State, subject to the provision in **Article XVIII, Section 3, Ohio Constitution**, which in part states,

"Municipalities shall have the authority to exercise all of the powers of local self-government, and to adopt and force within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws."

Now, this section of the Constitution applies to all municipal corporations, whether or not they have adopted a local charter, and gives to the corporation all of the necessary local police power to govern themselves, providing that such local ordinances and regulations as may be passed from time to time are not in conflict with the general laws of this State. This principal was recognized in the early case of the **Village of Struthers v. Sokal, 108 Oh St 263,** and that case announced the test to be applied as to whether or not one authority granted a permit or license to do an act which is forbidden or prohibited by the other. This test was approved and somewhat extended in the case of the **City of Cleveland v. Betts, 168 Oh St 386,** decided 12-31-58.

In the field of criminal law, the Cleveland v. Betts case indicates that the Supreme Court may consider the entire ordinance in determining whether or not there is a conflict with State law or laws on the subject. It is further obvious that in the field of criminal law, it is important to

have one central legislative authority define the nature and extent of the crime. Otherwise, it would be possible to have as many different laws governing one offense as we have municipalities. Such a system would be intolerable.

So in the field of the manufacturer, licensing, taxing and sale of beer and intoxicating liquor, we can easily discern that the State has preempted the field. Whether it would be wiser to permit more local regulations on the subject than what now exist is strictly a matter for the legislature, and not a matter of speculation for the Courts. Therefore, the Courts, and this Court in particular, and notwithstanding any private opinions the Court might hold, must recognize and follow the law as it exists with relation to the liquor act. Sec. 4301 et seq R. C.

Now in cases involving the control of traffic and sales of liquor and of beer, the Courts have held that municipalities may legislate in the field within the exercise of their police power, so long as the local legislature did not conflict with the general laws of this State. **City of Akron v. Scalera, 135 Oh St 635, Neil House v. City of Columbus, 144 Oh St 248.** In addition, in liquor cases the Liquor Board of Ohio has been granted by Statute the authority to pass regulations concerning the sale and hours of selling beer and whiskey. These regulations by statutes have been given the force of law §4301.03 R. C. Therefore, to determine whether or not the ordinance is in conflict with the general laws, the Court must look not only to the statutes but to the regulations of the Liquor Board.

The plaintiff, apparently entirely relies upon the allegation that the ordinance of the City of Jackson is in conflict with Regulation No. 49 of the Liquor Board. He bases his position on the Doctrine of the Supreme Court as set forth in **Neil House v. City of Columbus, 144 Oh St 248, 29 O. O. 403.** Also, he cites the action of the Appellate Court of Paulding County in the case of **Kaufman d. b. a. Blue Cafe v. Village of Paulding,** decided 5-16-51, **49 O. O. 288.** Plaintiff further cites the fact that approximately five years ago, this Court held on demurrer a similar ordinance of this City invalid. Plaintiff alleges further that Regulation No. 49 was in existence at that time as it exists today.

By contrast, the defendant is apparently relying first upon statements of Judge Zimmerman in the Neil House opinion as tending to limit that decision to its facts. The defendant maintains that former §6064-22 GC, and as it now exists in the similar words in §4301.22 R. C., prohibits the sale of intoxicating liquor and beer on Sunday, and therefore, the ordinance of the City of Jackson is only prohibitive of exactly the same thing. Secondly, the defendant maintains that the Sunday closing laws would also apply to the plaintiff, the analogy being that since under that statute the plaintiff could be compelled to close, then the ordinance of this City prohibiting the sale of 3.2% beer would merely be supplemental to that law.

There has been apparently no attempt by the City to close the defendant's entire business under the Sunday closing statute §3773.24 R. C., and this Court is not called upon to decide the validity of that statute. This Court does not believe this statute to be applicable to this case, for the ordinance in question makes no effort or contains no provision au-

thorizing the complete closing of plaintiff's business, but is directed specifically to the sale of 3.2% beer.

The Neil House case is the last Supreme Court decision on this subject brought to the Court's attention, and is still the law of this State. It establishes the following propositions of law:

1. That the control and regulation of liquor traffic vests in the State.

2. That the municipalities may legislate in the field by virtue of **Article XVIII, Section 3, Ohio Constitution,** if such legislation does not conflict to general State laws on the subject.

3. That Regulation No. 30 "now 49" of the Liquor Department has the same effect as a statute.

4. That this regulation permitted the sale of beer and intoxicating liquor after midnight Saturday, and on Sunday except for the hours of 2:30 A. M. to 5:00 A. M., and therefore, any ordinance restricting the effect of the regulation conflicts with the general laws and is void.

The ordinance was announced as being void in the Neil House case.

The position of the defendant that the Neil House case should be restricted to its facts i. e., the hours between 12:00 A. M. and 2:30 A. M. Sunday is scarcely tenable. The particular hours involved have no special significance, and if Regulation No. 49 permits the sales, it does not matter whether the time involved is before 2:30 A. M. or after 5.00 A. M. If the City cannot restrict the sale before 2:30 A. M. because of the regulation, it is obvious they cannot restrict the sale after 5:00 A. M. for the same reason. The language of the Supreme Court on this point is significant:

"When the statutes and a valid regulation of the Board of Liquor Control said that a sale of intoxicants may not be made after a designated hour, it is equivalent of saying the same as that sales up to that time are lawful. . . ."

The defendant still maintains that the Neil House case established the law as being that no beer or intoxicating liquor could be sold after 2:30 A. M. Sunday, and therefore, the ordinance of the City of Jackson merely prohibits what the statute prohibits. Defendant cites §6064-22 **GC,** now **§4301.22 R. C.** The following is the language of Judge Zimmerman which defendant claims establishes his position.

"It is stated in §6064-22 GC, that sales of beer and intoxicating liquor under all classes of permits may not be made after 2:30 A. M. on Sunday."

First of all, an examination of §6064-22 GC, shows that it did not include the word "beer" in that section. That section of law reads as follows:

"No. 4. No sales of intoxicating liquor shall be made after 2:30 A. M. on Sunday or on any Election Day between the hours of 6:00 A. M. and 7:30 P. M."

"Nothing in this section shall prevent a municipal corporation or village from adopting an early closing hour for the sale of intoxicating liquor on Sunday, or to provide that no intoxicating liquor may be sold on Sunday." Since this statute specifically does not mention beer, it should not be so interpreted as to include the word beer, because the liquor act expressly differentiates between beer and intoxicating liquor. **Sec. 6064-1**

GC. The words of Judge Zimmerman were not an interpretation of §6064-22 GC. At that point in his opinion, he was merely reciting the laws and regulations that control the hours for selling and consuming beer and intoxicating liquor, in the permit classes in question in that case. His statement was not included in the syllabus of that case, and in the opinion of this Court was not intended as establishing part of the law of the Neil House case.

The case of Kaufman d. b. a. Blue Cafe v. Village of Paulding apparently is directly in point on its facts with the instant case. In that case the village passed an ordinance prohibiting the sale of intoxicating liquor and beer on Sunday. The Court of Appeals in that case reviewed the existing case law and the Neil House case, and decided that while a city or village could pass an ordinance forbidding the sale of intoxicating liquor on Sunday under the authority of §4301.22 R. C., it could not, by virtue of Regulation No. 49, prohibit the sale of beer on Sunday. While the defendant urges that this Court is not bound by a Court of Appeals' decision in a certain County in a different district, this Court nevertheless feels that any decision of a superior Court, especially when the law of this case includes a Supreme Court case, that such decision is entitled to respect and consideration, especially when there is no conflict of authority to the contrary.

Lastly, this Court would like to point out that in 1954 a similar ordinance of this City was held to be unconstitutional. That case, which involved the same parties as the instant case, was apparently decided upon the same series of cases referred to in this case. While another Judge heard that case and this Court is not necessarily bound by its previous decisions, I believe that issues that have once been resolved should not be lightly overturned, unless upon some strong legal basis.

In this case the plaintiff has not cited a single case to indicate that the law now on this subject matter is any different than it was in 1954. The case of Wishing Well, Inc. v. City of Akron, 66 Abs 406, does not involve liquor or beer, but the issue in that case was whether Bingo or Keno was to be considered a lottery within the meaning of the statute. That Court did not discuss the Neil House case, but the Wishing Well case merely said that these ordinances were not in conflict with the State Statute; therefore, there is no need to attempt the difficult task of connecting the facts of that case to the facts of this case by analogy, when there is established case law on the precise issue before this Court.

This Court is inclined to agree with the defendant's contention that the doctrine of the Neil House case should not be extended on the principle of conflict of municipal ordinance with State Statutes. In several cases, as in the case of State, ex rel. Wynne, v. Urban, 49 O. O. 108, the Courts have agreed with the principle of the Neil House case, but differentiated their case upon the facts. However, the case before this Court is not a Civil Service case, and is not a gambling case, but is a liquor case, the same situation as was in the Neil House case and in the Village of Paulding case. Counsel has failed to indicate in this case in what manner this case could be differentiated upon its facts.

The article cited by the defendant in 9 O. L. J. 47 through 51 with reference to conflict by implication has many meritorious observations therein, but whether rightly or wrongly, the principle therein is not law, and the fact of the matter is that the Supreme Court has accepted in some degree the principle of conflict by implication.

Be that as it may, the Court feels that for the reasons given above, and despite whatever opinion the Court might hold as to the moral issue of selling beer on Sunday, the Court believes the laws and regulations of the Liquor Department to allow sales of beer after 5:00 A. M. on Sunday, and therefore, Ordinance No. 2-59 of the City of Jackson is plainly in conflict therewith, and is declared null and void. The demurrer of the plaintiff to the answer of the defendant is hereby sustained. The Court would like to point out that the community of Jackson has several lawful methods at their disposal to cope with Sunday sales of 3.2% beer, if that be the community's desires.